UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
De Coro USA, Limited,           )   Case No. 09-10846C-11G
                                )
        Debtor.                 )

OPINION AND ORDER

This case came before the court on October 5, 2010, for hearing on the Debtor's Objection to Claim Number 7 of the Internal Revenue Service. Lawrence P. Blaskopf appeared on behalf of the Internal Revenue Service ("IRS") and Stephen M. Packman and Benjamin A. Kahn appeared on behalf of the Debtor, De Coro USA, Limited ("De Coro USA" or "Debtor")  Having considered the objection, the response in opposition to the objection, the briefs submitted by the parties and the arguments of counsel, the court finds and concludes as follows:

FACTS

De Coro USA is a domestic corporation and a subsidiary of De Coro Ltd, a Hong Kong limited liability company. De Coro Ltd is a debtor in an insolvency proceeding pending in Hong Kong. De Coro Ltd also is a debtor in a chapter 15 proceeding (09-10369) pending in this court.

The IRS has filed a proof of claim in this case in the amount of $11,177,940 for income taxes allegedly owed by De Coro USA for the years 2004-2007 based upon the profit realized from sales of furniture that were made in the United States during 2004-2007.

The furniture involved in these sales was manufactured in China by De Coro Ltd and shipped to the United States in response to sales to customers located here in the United States that were solicited by De Coro USA.

The matter now before the court is an objection filed by De Coro USA to the IRS's claim in this case. The objection in essence asserts that the IRS's claim should be stricken because of inconsistency between the position taken by the IRS during an audit[1] of the tax returns of De Coro Ltd and De Coro USA and the position now being taken by the IRS in the proof of claim filed in this case.

## ANALYSIS

A succinct summary of the IRS position during the audit is that the IRS asserted that De Coro USA was a dependent agent of De Coro Ltd and that De Coro Ltd therefore was the party who owed the taxes arising from the sales in the United States. The inconsistency on the part of the IRS asserted by De Coro USA is that the position of the IRS in the proof of claim filed in this case is that De Coro USA was a distributor (rather than an agent) and that the income tax resulting from the furniture sales in the

---

[1] The audit occurred prior to the filing of this case and resulted in the IRS issuing 30-day letters to both De Coro Ltd and De Coro USA. The filing of the bankruptcy cases apparently stayed any further review or any proceedings under tax statutes or regulations.

United States is owed by De Coro USA.[2]  This is the inconsistency relied upon by De Coro USA in arguing that the IRS claim in this case should be stricken.  For the reasons that follow, the court has concluded that such relief cannot be granted at this time.

The IRS response to the objection by De Coro USA asserts that the claim in this case is not inconsistent with its earlier position because the claim in this case represents an "alternative position" on the part of the IRS.  By this assertion, the IRS apparently means that it has asserted the tax claim in this case in the event its "primary position" in the De Coro Ltd case (i.e., that De Coro Ltd is the party liable for the income tax) is not upheld.  According to the response, if that occurred, it would be because the court found that De Coro USA was not an agent as contended by the IRS, but was a distributor which would mean that De Coro USA is the party liable for the income taxes.  Hence, the IRS concludes that the claim in this case, being strictly an alternative claim, is not inconsistent at all with the "primary position" it took during the audit and apparently still takes as its "primary position."

The Debtor has cited no authority that would preclude the IRS proceeding in the manner described in its response or require the

---

[2] At the same time, the IRS has filed a claim in the chapter 15 case in which its position is that DeCoro USA was an agent (rather than a distributor) and that as a result, De Coro Ltd owes income taxes of $133,990,621 as a result of the same furniture sales underlying the IRS claim in this case.

disallowance of the IRS claim at this juncture based upon inconsistency, and the court is not aware of any such authority. Given the clarification by the IRS that the purpose of the claim is to preserve a claim in this case in the event its primary position is rejected in the De Coro Ltd case, the claim does not appear to be inconsistent factually or legally with its position during the audit and in the proof of claim filed in De Coro Ltd case. Accordingly, the Debtor's objection to Claim No. 7 of the IRS shall be overruled to the extent that such objection seeks disallowance of the claim at this time based upon inconsistency. A discovery schedule with respect to all issues raised by the objection shall be established by a separate order.

    IT IS SO ORDERED.

    This 29th day of October, 2010.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Christine L. Myatt, Esq.
P.O. Box 3463
Greensboro, NC 27408

Stephen Packman, Esq.
1 Centennial Square
Haddonfield, NJ 08033

Lawrence P. Blaskopf, Esq.
U.S. Department of Justice
Ben Franklin Station
P.O. Box 227
Washington, DC 20044