THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                              )
                                    )
DeCoro USA, Limited,                )
                                    )        Case No. 09-10846C-11G
        Debtor.                     )
                                    )

MEMORANDUM OPINION

This case came before the Court on December 6, 2011, for hearing on the motion for summary judgment (Docket Item 415) filed by the Internal Revenue Service ("IRS") seeking a judgment overruling the objection by DeCoro USA, Ltd ("Debtor") to the IRS's claim for federal income taxes.  At the conclusion of the hearing, the court granted requests by the parties that they be allowed to file additional briefs in support of their respective positions. The additional briefs have been filed and have been reviewed by the court.  After reviewing the motion, the submissions by the parties, and the briefs, and considering the arguments of counsel, the court concluded that the motion should be denied and entered an order denying the motion (Docket Item 447).  This memorandum opinion sets forth the reasons for the denial of the motion.

BACKGROUND

The Debtor is a wholly owned subsidiary of DeCoro Ltd., a Hong Kong company formerly in the business of designing, manufacturing, marketing, and selling furniture throughout the world. DeCoro Ltd. filed liquidation proceedings in Hong Kong in March 2009.  Soon thereafter, the Debtor sought protection under Chapter 11 in this

court.

During the years 2004-2007, substantial sales of furniture were made to customers located in the United States involving furniture manufactured in China and shipped to the United States by DeCoro Limited. The furniture sales to customers in the United States were procured by the Debtor through either employees of the Debtor or independent sales representatives engaged by the Debtor.

The IRS filed a proof of claim in the Debtor's bankruptcy in the amount of $13,011,260.56, representing liabilities for the 2004-2008 tax years.[1] The IRS claim is based upon the furniture sales having been made by the Debtor as an independent distributor. On December 30, 2009, the Debtor objected to the federal tax claim, arguing that "any tax claim . . . should be asserted against DeCoro Ltd." because the Debtor was DeCoro Ltd.'s dependent agent (Docket Items 189 and 205). On October 5, 2011, the IRS moved for summary judgment on the Debtor's objection to the federal tax claim, asserting that the Debtor is precluded as a matter of law from asserting that it was the agent of DeCoro Ltd.

STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1]$12,467,231.56 is listed as priority. The remainder of the claim ($544,029) is a general unsecured claim, consisting of penalties and statutory interest.

of law." FED.R.CIV.P. 56(c); FED. R. BANKR.P. 7056; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2549, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." <u>Seabulk Offshore, Ltd. v. Am. Home Assur. Co.</u>, 377 F.3d 408, 418 (4th Cir. 2004) (citing <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 183 (4th Cir. 2001)). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. <u>Celotex</u>, 477 U.S. at 323, 106 S.Ct. 2553. Once the moving party has met its initial burden of proof, the nonmoving party must then set forth specific facts sufficient to raise a genuine issue for trial. <u>Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52, 106 S.Ct. at 2505.

DISCUSSION

The court confirmed a plan of reorganization in this case on September 23, 2009. The confirmed plan provided that the Debtor's assets included accounts receivable that resulted from the sale of furniture by Debtor. Specifically, the Debtor listed $1,992,597.78 in accounts receivable resulting from the furniture sales as assets of the estate, and reported that it had filed nineteen adversary proceedings to collect some of the accounts receivable. Plan 5. Eleven of these actions were disposed of through court approved settlements. In each case, the settlement agreement contained a provision in which the Debtor represented that it was the sole and current owner of the claims released by the agreement and was authorized to enter into the settlement agreement. The IRS's theory is that this court's confirmation of the Debtor's plan of reorganization and approval of eleven settlement agreements "effectively recognized" that the Debtor was not an agent of its parent corporation. U.S.' Br. in Supp. of its Mot. for Summ. J. 3. This theory is not accepted.

According to the IRS, the settlement agreements and confirmed plan of reorganization preclude the Debtor from asserting that it is an agent of DeCoro Ltd. for three reasons. First, the IRS argues that the Debtor's confirmed plan of reorganization, which provided that the accounts receivable were property of the estate, has res judicata effect (including issue and claim preclusion).

Likewise, the IRS argues that in approving the settlement agreements, the court "actually and necessarily determined" that the Debtor owned the claims. U.S.' Br. 6. The second argument of the IRS is that the law of the case precludes the Debtor from asserting that it was an agent because, in confirming the plan of reorganization, the court necessarily decided that the Debtor was not an agent of its parent corporation. Finally, the IRS argues that the Debtor is not the proper party to object to the federal tax claim because the plan provides that the Trustee of the Liquidation trust may bring objections to claims.

(1)  The confirmation order is not preclusive regarding whether the Debtor was an agent

In arguing that the Debtor is barred by both the doctrine of res judicata (claim preclusion) and collateral estoppel (issue preclusion) from asserting it was an agent of its parent, the IRS attempts to stretch the effect of res judicata further than the law permits. Fourth Circuit precedent establishes that a Chapter 11 plan confirmation order is treated as a final judgment with res judicata effect, which binds parties by its terms and precludes them from raising claims or issues that they could have or should have raised before confirmation. Valley Historic Ltd. P'ship v. Bank of NY, 486 F.3d 831, 838 (4th Cir. 2007); First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.), 81 F.3d 1310, 1315 (4th Cir. 1996). Under the terms of the Debtor's confirmed plan of reorganization, the

- 5 -

Debtor's assets were determined to include accounts receivable. Res judicata does bar a challenge to Debtor's ownership of the accounts receivable because the issue was fully and finally determined by the confirmation of the plan of reorganization. But ownership of the accounts receivable is not what is at issue in the matter before the court. Instead, the IRS attempts to extend the preclusive effect of the Plan's treatment of the accounts receivable to an entirely different issue that was not specifically litigated or even addressed at confirmation: Debtor's pre-petition relationship with its parent, DeCoro Ltd. A key element of issue preclusion is that the issue was actually determined in the prior proceeding.[2] Similarly, claim preclusion requires that the claim in the second matter be based upon the same cause of action involved in the earlier proceeding.[3] The Debtor's status as a

---

[2]Issue preclusion has five elements:
1.    The issue sought to be precluded is identical to one previously litigated;
2.    The issue was actually determined in the prior proceeding;
3.    The issue's determination was a critical and necessary part of the decision in the prior proceeding;
4.    The prior judgment is final and valid; and
5.    The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.
Collins v. Pond Creek Mining Co., 468 F.3d 213, 217-18 (4th Cir. 2006).

[3]Claim preclusion occurs when the following conditions are satisfied:
1.    The prior judgment was final and on merits and rendered by court of competent jurisdiction in accordance with requirements of due process;

dependent agent was never "actually determined" by the plan confirmation order; the order determined only that the accounts receivable were property of the bankruptcy estate when the confirmation order was entered. No issue was raised or determined as to when and in what manner the accounts receivable became property of the Debtor. In Maxwell Commc'n Corp. v. Societe Generale (In re Maxwell Commc'n Corp.), 93 F.3d 1036, 1044 (2d Cir. 1996), the defendant argued that the debtor was estopped by the terms of the plan from maintaining an avoidance action in the bankruptcy court. The court rejected the defendant's arguments, finding that where a plan does not address a specific issue, res judicata does not apply. Id. This logic applies to the facts of the instant case. Debtor's pre-petition relationship with its parent was not specifically addressed by the plan of reorganization. Res judicata, therefore, does not apply.

An additional reason why the confirmation of the plan of reorganization does not amount to an adjudication of the Debtor's pre-petition relationship is because confirmed plans frequently dictate and alter the pre-petition rights and relationships of parties. As the Debtor argues, plans of reorganization may dictate any number of things, including the rights and relationships of the

---

2.   The parties are identical or in privity in two actions; and,
3.   The claims in second matter are based upon same cause of action involved in earlier proceeding.
In re Varat Enters., Inc., 81 F3d. 1310, 1315 (4th Cir. 1996).

parties.   Mem. of Law in Supp. of Debtor's Opp'n to U.S.' Mot. 12.
As stated in the Debtor's response, "[R]egardless of whether the
Debtor . . . would have owned the A/R claims prior to the Petition
Date, the Plan provides that the A/R claims and proceeds thereof
would be property of the Debtor's bankruptcy estate."   Id. at 13.
Debtor thereafter was entitled to pursue the receivables claims
because the plan provided it with that right without regard to its
pre-petition status vis-a-vis its parent.   Under the Bankruptcy
Code, a confirmed plan of reorganization acts like a contract that
is binding on all of the parties.   In re Varat Enters., 81 F.3d at
1317.   It is a basic tenet of bankruptcy law that courts have the
power to "readjust the rights of stakeholders."   See also DOUGLAS G.
BAIRD, ET AL., BANKRUPTCY: CASES, PROBLEMS, AND MATERIALS 562 (rev. 3d ed.
2001) ("Replacing the old capital structure with a new one requires
the termination of the rights inherent in the old structure.").
Plans   of   reorganization   may,   and   frequently   do,   propose
restructuring that is contrary to the terms of the debtor's pre-
petition relationships, duties, and obligations.   Debtor's
inclusion of the accounts receivable in its plan in this case is
consistent with the general rule that chapter 11 plans may alter
post-petition arrangements, rights, and obligations, even if such
changes are in tension with the pre-petition rights and obligations
of the parties.

(2)   The law of the case does not bar the Debtor's status as a dependent agent

The IRS's second argument in support of its motion for summary judgment is that the "law of the case doctrine" precludes the Debtor from asserting that it was an agent of its parent corporation.  This argument is similar to the res judicata argument examined above:  in confirming the Debtor's plan, the court "necessarily decided that the debtor was not an agent of its parent corporation" because if the Debtor were an agent, the receivables could not have been a part of the bankruptcy estate.  U.S.' Br. 7.

The IRS's argument fails for the same reason as its res judicata claim.  The issue raised by the IRS—the Debtor's status as an agent—was not actually determined by the court in a prior preceding.  The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (quoting Ariz. v. Cal., 460 U.S. 605, 618 (1983) (dictum)).  The law of the case doctrine applies only to issues actually discussed by the previous court and to issues decided by necessary implication.  See Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985); Schultz v. Onan Corp., 737 F.2d 339, 345 (3d Cir. 1984).  For the reasons already discussed, this court has not decided any question of law which would preclude consideration of the Debtor's relationship with its parent.  In attempting to argue

that the settlement agreements and confirmation order "necessarily decided that the debtor was not an agent," the IRS goes beyond the set of issues litigated and decided by the court in confirming the plan and approving the settlements.

(3)   Debtor is a proper party to object to the IRS's claim

Finally, the IRS argues that because the Debtor's plan specifically provides that the Trustee for the Liquidation Trust is the proper party in interest to object to claims, the Debtor is not the proper party to object.  The IRS further argues that the Debtor should not be permitted to amend its objection because it was on notice of the government's position prior to the expiration of the period for objecting to claims, but elected not to amend.  The IRS's argument ignores the clear terms of the plan.  The Plan plainly states that "the Debtor disputes the IRS priority claim and intends to file an adversary proceeding against the IRS . . . ." Mem. of Law in Supp. of Debtor's Opp'n to U.S.' Mot. 12. Furthermore, the IRS has failed to demonstrate that it has suffered any prejudice as a result of the word "debtor" being used in place of the words "liquidating trustee" in the objections.[4]

---

[4] Even if the objection had merit, the IRS would not be entitled to dismissal of the objection without giving the Liquidation Trustee an opportunity to ratify the objection.  Under Bankruptcy Rule 7017, which is applicable in contested matters pursuant to Bankruptcy Rule 9014, "the court may not dismiss an action for failure to prosecute in the name of the real party in interest, until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. BANKR. P. 7017.

CONCLUSION

This memorandum opinion sets forth the reasons for the denial of the motion for summary judgment filed by the IRS.

This 12th day of April, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge